

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK:MWG
F. #2019R01511

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 23, 2020

<u>By Hand and ECF</u>

Amanda David
Federal Defenders of New York
1 Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

Eric Franz
The Law Offices of Eric Franz
747 Third Avenue, 20th Floor
New York, NY 10017

John F. Kaley
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007

> Re: <u>United States v. John Culbert, John McMillan, and Clifton Salvodon
>     Criminal Docket No. 19-613 (BMC)</u>

Dear Counsel:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendants.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendants</u>

    Please find enclosed the following:

- An audio-video recording of a post-arrest interview of the defendant John Culbert on October 1, 2019, bates-numbered ET_JC_000001, which is being produced only to the defendant John Culbert;

- An audio-video recording of a post-arrest interview of the defendant John McMillan on October 1, 2019, bates-numbered ET_JM_000001, which is being produced only to the defendant John McMillan; and

- An audio-video recording of a post-arrest interview of the defendant Clifton Salvodon on October 1, 2019, bates-numbered ET_CS_000001, which is being produced only to the defendant Clifton Salvodon.

B. The Defendants' Criminal Histories

Please find enclosed the following:

- Records pertaining to the defendant John Culbert's criminal history, bates-numbered ET_JC_000002–ET_JC_000022, which is being produced only to the defendant John Culbert; and

- Records pertaining to the defendant John McMillan's criminal history, bates-numbered ET_JM_000002–ET_JM_000019, which is being produced only to the defendant John McMillan; and

- Records pertaining to the defendant Clifton Salvodon's criminal history, bates-numbered ET_CS000002–ET_CS000023, which is being produced only to the defendant Clifton Salvodon.

C. Documents and Tangible Objects

Please find enclosed the following:

- Video surveillance footage from 337 37th Street, Brooklyn, NY, dated September 30, 2019, bates-numbered ET000001–ET_000051;

- Footage from body cameras worn by New York City Police Department ("NYPD") officers who arrested the defendant and others on September 30, 2019, bates-numbered ET_000052–ET_000061;

- Post-arrest photographs of John Culbert taken by NYPD personnel on September 30, 2019, bates-numbered ET_000062–ET_000065;

- Post-arrest photographs of John McMillan taken by NYPD personnel on September 30, 2019, bates-numbered ET_000066–ET_000068;

- Post-arrest photographs of Clifton Salvodon taken by NYPD personnel on September 30, 2019, bates-numbered ET_000069–ET_000071;

- Photographs of the interior of 337 37th Street, Brooklyn, New York taken by NYPD personnel on September 30, 2019, bates-numbered ET_000072–ET_000162;

- Photographs of a Taurus .38 caliber revolver bearing serial number FG53520 (the "Seized Firearm"), which was seized from 337 37th Street, Brooklyn, New York on September 30, 2019, bates-numbered ET_000163–ET_000175; and

- NYPD Property Clerk Invoices for items seized from 337 37th Street, Brooklyn, NY on September 30, 2019, bates-numbered ET_000176–ET_000221.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

Please find enclosed the following:

- A NYPD Police Laboratory Firearms Analysis Section report concerning the Seized Firearm, bates-numbered ET_000222; and

- Office of Chief Medical Examiner ("OCME") Laboratory reports concerning DNA evidence testing of the Seized Firearm, bates-numbered ET_000223–ET_000232.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The government anticipates calling an expert at trial to testify that the Seized Firearm was not manufactured in New York State and, therefore, traveled in interstate commerce before being recovered in Brooklyn, New York on September 30, 2019.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.   The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.   Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from

any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by January 31, 2020.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/ Michael W. Gibaldi
Michael W. Gibaldi
Assistant U.S. Attorney
(718) 254-6067

Enclosures

cc:     Clerk of the Court (BMC) (by ECF) (without enclosures)