# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

March 27, 2020

The Honorable Judge Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    United States v. Culbert et al, 19-CR-613 (BMC)**

Dear Judge Cogan:

The defendants, John Culbert, John McMillan and Clifton Salvodon, are each charged with a violation of 18 U.S.C. §924(c) that can no longer stand after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Accordingly, this Court should dismiss Count Three of the Indictment which charges a violation of 18 U.S.C. §924(c)(1)(A). Counsel for codefendants McMillan and Salvodon, join in this application which we submit jointly for the convenience of the Court.

The Indictment contains four counts; Counts One through Three charge all three defendants and Count Four applies only to defendants McMillan and Salvodon. The following chart depicts the counts, the offenses and the defendants charged:

| Count | Offense | Defendant |
|---|---|---|
| I | conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) | Culbert, McMillan & Salvodon |
| II | attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) | Culbert, McMillan & Salvodon |
| III | discharging a gun in furtherance of a "crime of violence" in violation of § 924(c) | Culbert, McMillan & Salvodon |
| IV | felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) | McMillan & Salvodon |

Trial is scheduled to commence on June 8, 2020.

1

We respectfully submit that since Count Three, the 924(c) count, solely references Count Two, attempted Hobbs Act robbery as the "predicate crime of violence", when, as a matter of law, it is not a crime of violence, it must be dismissed.

To be clear, the Indictment does not, nor could it, allege that Count One, conspiracy to commit Hobbs Act robbery, is a crime of violence, since, in *United States v. Davis*, 139 S. Ct. 2319, the Supreme Court held that the residual clause of § 924(c)(3)(B) is "unconstitutionally vague," and that conspiracy to commit Hobbs Act robbery is <u>not</u> a crime of violence.

Thus, since only Count II, attempted Hobbs Act robbery is referenced as the "crime of violence" relevant to Count III, the 924(c) count, the only question for the court is whether the attempted Hobbs Act robbery predicate is invalid. As explained below, it is. Attempted robbery can be completed by intending to commit a robbery and surveilling the robbery location. That conduct does not categorically require the use, attempted use, or threatened use of force. *See United States v. Tucker*, No. 18 CR 0119 (SJ), 2020 WL 93591 (E.D.N.Y Jan. 8, 2020; *Lofton v. United States*, No. 04 CR 60603 (MAT), 2020 WL 362348 (W.D.N.Y. Jan. 22, 2020); *United States v. Alfonso*, 2019 WL 1916199, at *3 (D. Conn. Apr. 30, 2019).

Therefore, this Court should dismiss the defendants' 924(c) charge, count three of this indictment.

**The defendants' § 924(c) charges should be dismissed since attempted Hobbs Act robbery is categorically not a "crime of violence".**

The residual clause of "§ 924(c)(3)(B) is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336. Thus, the defendants' § 924(c) charge is sustainableonly if the alleged "crime of violence" – attempted robbery – has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

To determine if  attempted robbery charge  constitutes a "crime of violence", the Court must apply the "categorical approach," and "evaluate whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence." *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (citations omitted). "In doing so, [the court] focus[es] only on the elements of the offense and do[es] not consider the particular facts of the underlying crime." *Id.* Here, "we inquire whether the elements of [attempted Hobbs Act] robbery necessarily involve physical force."  *Id.* They do not.

How can that be?  After all, completed "Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force.'" *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) (quoting § 924(c)(3)(A)). So doesn't an attempted robbery require at least the "attempted use" of force?  No.

The "elements required for an attempt conviction" are "intent to commit the underlying crime and [taking] a substantial step toward its completion." *United States v. Gagliardi*, 506 F.3d 140, 150 (2d Cir. 2007). "The 'substantial step' requirement for attempt derives from the American Law Institute's Model Penal Code, which in the early 1960s sought to 'widen the ambit of attempt liability.'" *United States v. Farhane*, 634 F.3d 127, 146 (2d Cir. 2011) (citation omitted). "Thus, a 'substantial step' must be 'something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.'" *Id.* at 147 (citation omitted). Finally, attempted robbery under the Hobbs Act has a jurisdictional element: the defendant must have intended a robbery that, if committed, would have affected "'commerce over which the United States has jurisdiction.'" *Taylor v. United States*, 136 S. Ct. 2074, 2081 (2016) (citation omitted).

None of these elements requires the "use, attempted use, or threatened use of physical force." § 924(c)(3)(A). Intent to rob is just a mental state and therefore entails no actual, attempted or threatened force. The same is true of intending a robbery that, if committed, would affect interstate commerce. That leaves the conduct element: taking a substantial step towards committing a robbery.

"A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed." *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003). For example, "reconnoitering the place contemplated for the commission of the crime" shall "not be held insufficient as a matter of law" to constitute a substantial step. Model Penal Code § 5.01(2)(c). Accordingly, where would-be robbers "reconnoitered the place contemplated for the commission of the crime and possessed the paraphernalia to be employed in the commission of the crime," the Second Circuit held "either type of conduct, standing alone, was sufficient as a matter of law to constitute a 'substantial step.'" *United States v. Jackson*, 560 F.2d 112, 120 (2d Cir. 1977).

Because surveilling the target is the "minimum criminal conduct," *Hendricks*, 921 F.3d at 327, for attempted Hobbs Act robbery, the question is whether this "necessarily," *id.*, constitutes the "use, attempted use, or threatened use of physical force." § 924(c)(3)(A). The answer is no.

Surveilling is not a "use" or "threatened use" of "physical force against the person or property of another." Nor is it necessarily an "attempted use."

3

Additionally, an "attempt requires intent," *United States v. Chu*, 714 F.3d 742, 747 (2d Cir. 2013), and therefore an "attempted use" of force requires intent to actually "use" force. But intent to actually use force against a person or property is not a requirement of the Hobbs Act.

Hobbs Act robbery can be committed "by means of actual *or threatened* force . . . *or fear of injury.*" 18 U.S.C. § 1951(b)(1) (emphasis added). And nothing in the Act requires the threatened force or fear of injury to be based on a genuine threat. For example, someone may rely solely on his "reputation," with no intent of actually using force, to "commit robbery through fear of injury." *United States v. Pena*, 161 F. Supp. 3d 268, 280 (S.D.N.Y. 2016) (citing *United States v. Santos*, 449 F.3d 93, 100-01 (2d Cir. 2006) (The Hobbs Act applies to use of "reputation . . . to instill fear.")). Likewise, a robber may make a threat of force that cannot be carried out, such as displaying an unloaded or inoperable gun. *See, e.g., United States v. Millan-Isaac*, 749 F.3d 57, 61 (1st Cir. 2014) ("Millán entered the restaurant, showed the cashier an unloaded firearm, and told her to give him the money from the register. The cashier complied and placed $114 on the counter, which Millán grabbed before running out the door. . . . Millán pled guilty to . . . robbery in violation of the Hobbs Act and to possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).") (citation omitted); *United States v. Bonner*, 469 F. App'x 119, 132 (3d Cir. 2012) (noting, in context of Hobbs Act robbery and § 924(c), that "a weapon need not be operable to be considered a 'firearm' for the purposes of a conviction") (citing, among others, *United States v. Rivera,* 415 F.3d 284, 286 (2d Cir. 2005) ("[E]very other circuit to consider it has concluded that an inoperable weapon falls within § 921(a)(3)'s definition of a 'firearm.' . . We have no reason to conclude otherwise.")).

There is nothing hypothetical about the fact that the plain text of the Hobbs Act reaches defendants who do not intend to actually use force. "Threatened force" suffices, and the threat may be empty.

That is irrelevant for purposes of liability under the Act (would-be robbers who plan to bluff are just as guilty as those willing to use force), but it makes all the difference here: Because "attempt requires intent," *Chu*, 714 F.3d at 747, someone who does not *intend* to use force lacks the mental state required to *attempt* force. Surveilling a target intending to make an empty threat of force constitutes attempted Hobbs Act robbery, but it is not an "attempted use . . . of physical force against the person or property of another." § 924(c)(3)(A). Rather, it is an attempt to make an empty threat— which § 924(c)(3)(A) does not reach.

Since attempted Hobbs Act robbery can be committed without actually using force, without actually threatening force, and without actually intending – or, thus, attempting – to use force, it is not a "crime of violence."

4

Three judges of the Eleventh Circuit agree. They explain that a would-be robber is guilty of attempted Hobbs Act robbery if he engages in various conduct – surveilling the target, "renting a getaway van, parking the van a block from the [target], and approaching the [target] before being thwarted – without having used, attempted to use, or threatened to use force." *United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (Jill Pryor, J., joined by Wilson and Martin, JJ., dissenting from the denial of rehearing en banc).

"By the alchemy of transmuting intent . . . into attempt," those who say attempted Hobbs Act robbery is a "crime of violence" argue that "anyone convicted of an attempt to commit a crime involving force must have been found beyond a reasonable doubt to have attempted to use force." *Id.*  But, as shown, that argument "does not align with the actual elements of an attempt offense."  *Id.*

Judge Arterton, of the District of Connecticut, also agrees that "the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence." *United States v. Alfonso*, 2019 WL 1916199, at *3 (D. Conn. Apr. 30, 2019). Intent to rob is just a mental state, and "a 'substantial step' can include activities like . . . 'reconnoitering the place contemplated for the commission of the crime,' . . . among many others." *Id.* (citation omitted).

Three other judges of the Eleventh Circuit, who disagree with the jurists above, say "attempted Hobbs Act robbery qualifies as a crime of violence under §924(c)(3)(A)'s use-of-force clause because that clause expressly includes '*attempted* use' of force." *St. Hubert*, 909 F.3d at 351  (emphasis in *St. Hubert*).  As shown above, however, that argument rests on "flawed logic as to attempt crimes."  *St. Hubert*, 918 F.3d at 1212 (Jill Pryor, J., joined by Wilson and Martin, JJ., dissenting from the denial of rehearing en banc).

Recently, in *United States v. Tucker*, Judge Johnson joined the jurists of Connecticut and the Eleventh Circuit, finding that "given the broad spectrum of attempt liability, the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence" 2020 WL 93591 at * 6 (quotation omitted). Similarly, in *United States v. Cheese*, Judge Garaufis, dismissed various 924(c) counts against the defendants holding that attempted Hobbs Act robbery is not a crime of violence and could therefore not serve as a predicate to the charged 924(c) counts:

> Because a defendant who takes a substantial step in
> furtherance of Hobbs Act robbery can do so without the use,
> threatened use, or attempted use of force, attempted Hobbs

> Act robbery cannot be a crime of violence under the
> categorical analysis.

*United States v. Cheese,* Memorandum and Order; 18 Cr. 33-2 (NGG), ECF No. 269 at *6 (citation omitted) (E.D.N.Y. February 12, 2020).  And most recently in *United States v. Pica*, Judge Amon, dismissed two counts of 924(c) and 924(j) finding that attempted Hobbs Act robbery is not a crime of violence and that the "minimal criminal conduct necessary for conviction of attempted Hobbs Act robbery does not involve the use, attempted use, or threatened use of force." *United States v. Pica*, Memorandum and Order; 08-CR-559 (CBA), ECF No. 378 at * 9 (E.D.N.Y. March 17, 2020).

Similarly, in the Western District of New York, Judge Telesca found that there was "much more than a realistic probability that attempted Hobbs Act Robbery could be applied to conduct that does not constitute a crime of violence under § 924(c)(3)(A)," in finding that attempted Hobbs Act Robbery does not categorically involve the use, threatened use, or attempted use of force. *Lofton v. United States*, No. 04 CR 60603 (MAT), 2020 WL 362348 at * 9.

The law requires a "serious and careful approach to the task of determining whether [an] offense qualifies as [a "crime of violence"], a label of substantial consequence." *Hylton*, 897 F.3d at 65.  To say "an attempt to commit a crime of violence necessarily is itself a crime of violence simply does not hold up." *St. Hubert*, 918 F.3d at 1212 (Jill Pryor, J., joined by Wilson and Martin, JJ., dissenting from the denial of rehearing en banc).

Thus, we respectfully submit that since attempted Hobbs Act robbery is not a crime of violence, it cannot serve as a valid predicate for an alleged violation of 18 U.S.C. 924(c).  Therefore Count Three of the Indictment must be dismissed.

Sincerely,

Respectfully submitted,

/s/ Amanda L. David
Amanda L. David
Counsel to John Culbert
Tel. 718.330.1208

/s/ Eric Franz
Eric Franz
Counsel to John McMillan
Tel. 212.355.2200

/s/ John Kaley
John Kaley
Counsel to Clifton Salvodon
Tel. 212-619-3730

cc: AUSA Michael Gibaldi (via ECF and email)