SK:MWG
F. #2019R01506

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                    Docket No. <u>19-CR-613 (BMC)</u>

JOHN CULBERT,
 JOHN MCMILLAN and
 CLIFTON SALVODON,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS COUNT THREE OF THE INDICTMENT</u>

                                                                      RICHARD P. DONOGHUE
                                                                      UNITED STATES ATTORNEY
                                                                      Eastern District of New York
                                                                       271 Cadman Plaza East
                                                                       Brooklyn, New York 11201

Michael W. Gibaldi
Assistant U.S. Attorney
     (Of Counsel)

TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND .................................................................................................. 1

ARGUMENT ............................................................................................................................. 3

I. APPLICABLE LAW ........................................................................................................ 3

II. THE DEFENDANTS' MOTION TO DISMISS COUNT THREE SHOULD BE DENIED BECAUSE ATTEMPTED HOBBS ACT ROBBERY IS A "CRIME OF VIOLENCE" UNDER 18 U.S.C. § 924(c) ......................................................................... 4

CONCLUSION ........................................................................................................................ 13

TABLE OF AUTHORITIES

**Cases**

Brown v. United States,
 No. 11-CR-95 (DGK), 2016 WL 4491852 (W.D. Mo. Aug. 25, 2016) .............................. 8

Brunstorff v. United States,
 754 F. App'x 48 (2d Cir. 2019) ...................................................................................... 10

Crowder v. United States,
 No. 05-CR-67 (CM), 2019 WL 6170417 (S.D.N.Y. Nov. 20, 2019) ................................ 8

Gonzalez v. Duenas-Alvarez,
 549 U.S. 183 (2007) .................................................................................................. 3, 10

Hill v. United States,
 877 F.3d 717 (7th Cir. 2017) ........................................................................................... 7

Moncrieffe v. Holder,
 569 U.S. 184 (2013) ........................................................................................................ 4

Simmons v. United States,
 No. 08-CR-1133 (AKH), 2019 WL 6051443 (S.D.N.Y. Nov. 15, 2019) .......................... 8

United States v. Acosta,
 470 F.3d 132 (2d Cir. 2006) ............................................................................................ 3

United States v. Anderson,
 747 F.3d 51 (2d Cir. 2014) .............................................................................................. 5

United States v. Barrett,
 937 F.3d 126 (2d Cir. 2019) ............................................................................................ 4

United States v. Brown,
 No. 11-CR-63 (HEH), 2019 WL 3451306 (E.D. Va. July 30, 2019) ................................ 8

United States v. Chann,
 No.99-CR-433 (WBS) (AC), 2019 WL3767649 (E.D. Cal. Aug. 9, 2019) ...................... 8

United States v. Cheese,
 No. 18-CR-33 (NGG), 2020 WL 705217 (E.D.N.Y. Feb. 12, 2020) .............................. 12

United States v. Crawford,
 No. 97-CR-92-M, 2018 WL 1123879 (W.D. Okla. Mar. 1, 2018) ................................... 8

United States v. Davis,
    139 S. Ct. 2319 (2019) ............................................................................................... 4

United States v. Davis,
    8 F.3d 923 (2d Cir. 1993) ......................................................................................... 6

United States v. Farhane,
    634 F.3d 127 (2d Cir. 2011) ..................................................................................... 5

United States v. Hill,
    890 F.3d 51 (2d Cir. 2018) ........................................................................... 3, 4, 5, 10

United States v. Ingram,
    947 F.3d 1021 (7th Cir. 2020) ................................................................................. 7

United States v. Ivezaj,
    568 F.3d 88 (2d Cir. 2009) ....................................................................................... 3

United States v. Jackson,
    560 F.2d 112 (2d Cir. 1977) ................................................................................... 12

United States v. Jefferys,
    No. 18-CR-359 (KAM), 2019 WL 5103822 (E.D.N.Y. Oct. 11, 2019) ............... 7, 8

United States v. Johnson,
    No. 12-CR-336 (JAD) (CWH), 2018 WL 3518448 (D. Nev. July 19, 2018) ......... 8

United States v. Pereira-Gomez,
    903 F.3d 155 (2d Cir. 2018) ..................................................................................... 9

United States v. Praddy,
    729 F. App'x 21 (2d Cir. 2018) ............................................................................... 9

United States v. Resendiz-Ponce,
    549 U.S. 102 (2007) .............................................................................................. 5, 6

United States v. Robinson,
    No. 16-CR-545 (ADS), 2019 WL 5864135 (E.D.N.Y. Nov. 8, 2019) ..................... 7

United States v. Scott,
    681 F. App'x 89 (2d Cir. 2017) ............................................................................... 9

United States v. Sierra,
    782 F. App'x 16 (2d Cir. 2019) ............................................................................... 9

United States v. St. Hubert,
    909 F.3d 335 (11th Cir. 2018) ............................................................................. 6, 8

United States v. Tabb,
    949 F.3d 81 (2d Cir. 2020) ............................................................................................... 9

United States v. Thrower,
    914 F.3d 770 (2d Cir. 2019) ..................................................................................... 10, 11

United States v. Tucker,
    No. 18-CR-119 (SJ), 2020 WL 93951 (E.D.N.Y. Jan. 8, 2020)......................................... 12

United States v. Walker,
    442 F.3d 787 (2d Cir. 2006) ............................................................................................. 10

**Statutes**

18 U.S.C. § 924(c) ................................................................................................................ passim

18 U.S.C. § 1951(a) ...................................................................................................................... 2

18 U.S.C. § 1951(b)(1) ............................................................................................................ 6, 13

New York Penal Law § 120.05(2) ................................................................................................. 8

## PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in opposition to the defendants' motion to dismiss Count Three of the Indictment, which alleges that the defendants brandished a firearm during an attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). See Defs.' Mot., ECF No. 23. In their motion, the defendants argue that attempted Hobbs Act robbery does not qualify as a "crime of violence" under Section 924(c). However, the defendants' motion should be denied because attempted Hobbs Act robbery is categorically a crime of violence under the Elements Clause of Section 924(c).

## RELEVANT BACKGROUND

This case arises out of the violent attempted robbery of a commercial warehouse in the Sunset Park neighborhood of Brooklyn, New York.

On September 30, 2019, at approximately 8:00 p.m., seven warehouse employees were working inside the warehouse, which held a large stock of iPhones and other electronic devices. One of the employees heard someone knocking at the gate of the warehouse, so he opened the gate. The defendants John Culbert, John McMillan, and Clifton Salvodon immediately rushed into the warehouse and demanded cellular telephones. McMillan was holding a gun in his hand and pointing it at the employees.

The defendants closed the gate, forced most of the employees to lie on the floor at gunpoint, and tied the employees' hands behind their backs. The defendants then proceeded to load up garbage bags and duffel bags with boxes of iPhones and other electronic devices. When one of the employees cried out for help, McMillan struck him in the face with his firearm.

As the defendants were looting the warehouse shelves, other warehouse employees outside the warehouse were banging on the gate to be let inside. Suspecting that something was wrong, certain employees flagged down police officers on patrol nearby.

The police officers arrived at the warehouse just in time. As the defendants were opening the gate to make their escape, the police were waiting for them outside the warehouse. Culbert managed to flee the warehouse, but officers pursued and arrested him just a few blocks away. Salvodon ran inside the warehouse, where other officers promptly found and arrested him. McMillan hid under a car inside the warehouse before attempting to run outside, and other officers immediately apprehended him. The police found a loaded revolver under the car where McMillan had been hiding.

Surveillance cameras inside the warehouse captured the defendants committing the crime on video.

On December 30, 2019, a grand jury returned an indictment charging all three defendants with the following crimes: (1) Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (Count One); (2) attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); and (3) possessing and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii) (Count Three). The indictment also charges McMillan and Culbert with possessing a firearm, each knowing that he had previously been convicted of a felony (Count Four). See Indictment, ECF No. 14.

ARGUMENT

I.  APPLICABLE LAW

Section 924(c) imposes a mandatory consecutive term of imprisonment when a defendant uses or carries a firearm during, or possesses a firearm in furtherance of, a crime of violence or drug trafficking crime.  A "crime of violence" is a federal felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Courts commonly refer to subsection (A) as the "Elements Clause," or the "Force Clause," and subsection (B) as the "Residual Clause."

To assess whether a predicate crime constitutes a crime of violence under the Elements Clause of Section 924(c), the Second Circuit employs "what has come to be known as the 'categorical approach.'"  United States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018) (amended opinion); see also United States v. Ivezaj, 568 F.3d 88, 95 (2d Cir. 2009); United States v. Acosta, 470 F.3d 132, 134–35 (2d Cir. 2006).  "Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute," examining only the statutory definitions of the offense, not the defendant's conduct in committing it.  Hill, 890 F.3d at 55 (citation omitted).  In applying the categorical approach, the court is not guided by hypothetical arguments that a statute may be construed in a way devoid from real-world application; rather "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence."  Id. at 56 (quoting Gonzalez v. Duenas-Alvarez, 549 U.S.

3

183, 193 (2007)); accord Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) (the "focus on the minimum conduct criminalized by the . . . statute is not an invitation to apply 'legal imagination' to the . . . offense"). The defendant therefore must show that the statute was applied in the "manner for which he argues" either in his own case or another's. Hill, 890 F.3d at 56.

In Hill, the Second Circuit applied the categorical approach and held that Hobbs Act robbery is a crime of violence under the Elements Clause of Section 924. See id. at 56–60. After analyzing the elements of Hobbs Act robbery and its application to prior cases, the Second Circuit determined that Hobbs Act robbery necessarily involves the use, attempted use, or threatened use of physical force. See id.

In United States v. Davis, the Supreme Court held that the Residual Clause of Section 924(c) was unconstitutionally vague. 139 S. Ct. 2319, 2326–27 (2019). Davis implicitly abrogated prior Second Circuit law holding that a conspiracy to commit a crime of violence is itself a crime of violence under the Residual Clause. See generally United States v. Barrett, 937 F.3d 126 (2d Cir. 2019) ("Barrett II"). However, Davis did not limit the application of the Elements Clause, see id. at 128–29, and Davis says nothing about the crime of attempt. Because Davis did not concern the Elements Clause of Section 924(c), the Second Circuit's holding that Hobbs Act robbery is a "crime of violence" under the Elements Clause remain binding law. See Barrett II, 937 F.3d. at 128–29.

II. THE DEFENDANTS' MOTION TO DISMISS COUNT THREE SHOULD BE DENIED BECAUSE ATTEMPTED HOBBS ACT ROBBERY IS A "CRIME OF VIOLENCE" UNDER 18 U.S.C. § 924(C)

According to the plain language of the Elements Clause, as well as the weight of authority on this issue, an attempt to commit a crime of violence constitutes an attempt to

4

use physical force and, thus, the attempt itself constitutes a crime of violence. See 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" to include a felony offense that "has as an element the use, <u>attempted</u> use, or threatened use of physical force" (emphasis added)).

Because the categorical approach determines whether a predicate crime constitutes a crime of violence, the analysis begins with the statutory elements. See, e.g., Hill, 890 F.3d at 55. Here, the crime of attempt requires proof of two elements: (1) an intent to commit a crime, and (2) a substantial step towards the commission of that crime. See, e.g., United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007). It is well settled that "for a defendant to have taken a substantial step, he must have engaged in more than mere preparation, but may have stopped short of the last act necessary for the actual commission of the substantive crime." United States v. Anderson, 747 F.3d 51, 73–74 (2d Cir. 2014) (quotations omitted). The inquiry focuses on the nature of the act related to the target offense as a whole. "[T]he identification of a substantial step, like the identification of attempt itself, is necessarily a matter of degree that can vary depending on the particular facts of each case viewed in light of the crime charged." United States v. Farhane, 634 F.3d 127, 147 (2d Cir. 2011) (quotations and citations omitted). "[I]mportant to a substantial-step assessment is an understanding of the underlying conduct proscribed by the crime being attempted." Id. at 148. In the context of attempted robbery, in particular, "a substantial step to commit a robbery must be conduct planned clearly to culminate in that particular harm." Id.

Because an attempt crime requires proof of intent to commit a crime and a substantial step toward the commission of that crime, it follows that any attempt to commit a crime of violence necessarily has as an element the attempted use of physical force. If a

5

defendant has gone beyond mere preparation for the crime, to the point of affirmative conduct planned clearly to culminate in a crime of violence, then that defendant necessarily has attempted to use force. Cf. Resendiz-Ponce, 549 U.S. at 107 (stating "the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct" directed at accomplishing the intended crime); United States v. Davis, 8 F.3d 923, 927 (2d Cir. 1993) ("Conduct is not considered a substantial step unless it is strongly corroborative of the criminal intent of the accused."). In the context of a robbery, a defendant who commits an attempted robbery has taken concrete action with the specific intent that a robbery take place, and has taken a substantial step toward using force. Because the substantive crime of Hobbs Act robbery necessarily includes as an element the use of "actual or threatened force" or "violence" or "fear of injury," the crime of attempting a Hobbs Act robbery necessarily includes the "attempted use" (to use the language of Section 924(c)) of "actual or threatened force" or "violence" or "fear of injury." See 18 U.S.C. § 1951(b)(1) (defining "robbery").

In light of the foregoing principles, the majority of courts to have considered this precise question has concluded that attempted Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A). For instance, in United States v. St. Hubert, the Eleventh Circuit held that attempted Hobbs Act robbery is a crime of violence because substantive Hobbs Act robbery is a crime of violence, and the Elements Clause of Section 924(c) "expressly includes '_attempted_ use' of force." 909 F.3d 335, 351 (11th Cir. 2018) (emphasis in original). The Eleventh Circuit reasoned: "[E]ven if the completed substantial step falls short of actual or threatened force, the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed." Id. at 353.

6

The Seventh Circuit recently applied the same reasoning to conclude that attempted Hobbs Act robbery is a crime of violence. See United States v. Ingram, 947 F.3d 1021, 1026 (7th Cir. 2020); see also Hill v. United States, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony.").

Several courts in this District have similarly concluded that attempted Hobbs Act robbery is a crime of violence. See United States v. Brack, No. 18-CR-684 (ENV), ECF No. 122 (E.D.N.Y. Jan. 16, 2020); United States v. Robinson, No. 16-CR-545 (ADS), 2019 WL 5864135 (E.D.N.Y. Nov. 8, 2019); United States v. Jefferys, No. 18-CR-359 (KAM), 2019 WL 5103822 (E.D.N.Y. Oct. 11, 2019). Judge Matsumoto's decision in Jefferys is particularly instructive. First, Judge Matsumoto noted that while the Second Circuit has not yet resolved this precise issue, "[t]he Second Circuit has, however, indicated that where a substantive offense is a crime of violence under § 924(c), an attempt to commit that offense similarly qualifies under the elements clause." Jefferys, 2019 WL 5103822, at *7 (citing cases). Moreover, Judge Matsumoto noted the overwhelming consensus of federal courts across the country that attempted Hobbs Act robbery qualifies as a crime of violence. See id. (citing cases). Specifically, Judge Matsumoto found persuasive the following analysis, rooted in the Elements Clause's text, in the Eleventh Circuit's St. Hubert decision:

> A completed Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)(3)(A) and, therefore, attempt to commit Hobbs Act robbery requires that [the defendant] intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner. [T]he definition of a crime of violence in § 924(c)(3)(A) equates the use of force with attempted force, and thus the text of § 924(c)(3)(A) makes clear that actual force need not be used for a crime to qualify under § 924(c)(3)(A). Thus, . . . given § 924(c)'s 'statutory

7

> specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime,' attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) as well.

Id. (brackets, ellipses, and emphasis in original) (quoting St. Hubert, 909 F.3d at 352).

Decisions from other district courts in this Circuit and elsewhere have also concluded that attempted Hobbs Act robbery is a crime of violence. See, e.g., Crowder v. United States, No. 05-CR-67 (CM), 2019 WL 6170417, at *3 (S.D.N.Y. Nov. 20, 2019) (holding that "a defendant who takes a 'substantial step' toward committing an inherently violent offense — such as Hobbs Act robbery — has at least 'attempted' or 'threatened' the use of force within the meaning of Section 924(c)(3)(A)"); Simmons v. United States, No. 08-CR-1133 (AKH), 2019 WL 6051443, at *4 (S.D.N.Y. Nov. 15, 2019) (same); United States v. Chann, No. 99-CR-433 (WBS) (AC), 2019 WL 3767649, at *5 (E.D. Cal. Aug. 9, 2019) (same); United States v. Brown, No. 11-CR-63 (HEH), 2019 WL 3451306, at *3 (E.D. Va. July 30, 2019) (same); United States v. Johnson, No. 12-CR-336 (JAD) (CWH), 2018 WL 3518448, at *4 (D. Nev. July 19, 2018) (same); United States v. Crawford, No. 97-CR-92-M, 2018 WL 1123879, at *2 (W.D. Okla. Mar. 1, 2018) (same); Brown v. United States, No. 11-CR-95 (DGK), 2016 WL 4491852, at *2 (W.D. Mo. Aug. 25, 2016) (same).

Moreover, as Judge Matsumoto observed in Jefferys, decisions of the Second Circuit further support the conclusion that attempted Hobbs Act robbery is itself a crime of violence. Most recently, in United States v. Tabb, the Second Circuit held that attempted assault in the second degree under New York Penal Law § 120.05(2) constitutes a predicate "crime of violence" for purposes of the elements clause in the career offender provisions of

8

the United States Sentencing Guidelines, U.S.S.G. § 4B1.2.[1] 949 F.3d 81, 85–86 (2d Cir. 2020). In Tabb, the Second Circuit rejected the defendant's argument that attempted assault in the second degree cannot be a crime of violence because "a defendant could be convicted of attempted assault in the second degree in New York without ever 'attempt[ing]' to use physical force." Id. at 86 (brackets in original). The Second Circuit noted that (i) assault in the second degree is a crime of violence, (ii) New York attempt law "categorically requires that the person take a 'substantial step' towards the use of physical force," and (iii) the elements of attempt under New York law are "the same as or narrower than" the elements of attempt under federal law. See id. For these reasons, the Second Circuit concluded that attempted assault in the second degree was categorically a crime of violence under U.S.S.G. § 4B1.2. See id.

Tabb represents merely one of several instances in which the Second Circuit has held that an attempt to commit a crime of violence is itself a crime of violence. Accord United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018) (holding that attempted New York robbery "qualifies as a 'crime of violence' under the 'force clause'" in the Sentencing Guidelines); United States v. Sierra, 782 F. App'x 16, 20–21 (2d Cir. 2019) (holding that "attempted murder is a crime unmistakably involving an attempted use of physical force"); United States v. Praddy, 729 F. App'x 21, 24 (2d Cir. 2018) (same); United

---

[1] The elements clause of U.S.S.G. § 4B1.2 is substantially similar to the Elements Clause of Section 924(c). Compare U.S.S.G. § 4B1.2(a)(1) (defining crime of violence as felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), with 18 U.S.C. § 924(c)(3)(A) (defining crime of violence as felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

9

States v. Scott, 681 F. App'x 89, 95 (2d Cir. 2017) (same); United States v. Walker, 442 F.3d 787, 788 (2d Cir. 2006) (holding that attempted New York assault is a "violent felony" under the Armed Career Criminal Act); Brunstorff v. United States, 754 F. App'x 48, 49–50 (2d Cir. 2019) (reaffirming Walker).

Ignoring this substantial weight of authority, the defendants contend that attempted Hobbs Act robbery is not categorically a crime of violence because an attempt to commit robbery does not necessarily involve the use of force, and Hobbs Act robbery may be committed without the actual use of force. See Defs.' Mot. at 3–4. To illustrate their point, the defendants posit a hypothetical crime that, they claim, would be an attempted Hobbs Act robbery that falls outside the Elements Clause: "Surveilling a target intending to make an empty threat of force." See id. at 4. The defendants' argument fails for several reasons.

First, the defendants' reliance upon a purely hypothetical crime is insufficient as a matter of law to prevail on their motion. The Second Circuit has held repeatedly that "the categorical approach must be grounded in reality, logic, and precedent, not flights of fancy." Hill, 890 F.3d at 56. Thus, "hypotheticals are insufficient because a defendant is required to 'point to his own case or other cases in which the . . . courts in fact did apply the statute' in such a manner to show that there is a 'realistic probability' that the Hobbs Act would reach the conduct [the defendant] describes. Id. at 59 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).

Second, the Second Circuit explicitly foreclosed the defendants' argument in United States v. Thrower, 914 F.3d 770 (2d Cir. 2019). In Thrower, the Second Circuit held that attempted robbery in the third degree under New York law qualifies as a violent crime for purposes of the Armed Career Criminal Act ("ACCA") because robbery under New York

10

law is a crime of violence, and an attempt under New York law "requires that the action taken by an accused be so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference." Id. at 776 (internal quotations omitted).[2] Thus, the Second Circuit concluded that an attempted robbery under New York law "categorically requires that a person take a 'substantial step' toward the use of physical force," which sufficed to qualify attempted robbery as a "crime of violence" under ACCA. Id. at 777. In so holding, the Second Circuit rejected the defendant's hypothetical — almost the same as the one posed by the defendants here — that attempted robbery does not categorically require as an element the attempted use of physical force because "a defendant might be convicted of attempted robbery in New York for an attempt to threaten to use physical force — as distinct from an attempt to use physical force or a threat to use physical force." Id. Apart from the defendant's failure to cite a case applying the crime of attempted robbery to that set of facts, the Second Circuit held: "Even if [the defendant] could cite to such an example, we would not come out differently on this issue. An attempt to threaten to use force by, for example, attempting to use a threatening note, itself constitutes a 'threatened use of physical force.'" Id. at 777 n.6. The Second Circuit's holding in Thrower is fatal to the defendants' argument here.

---

[2] The elements clause of ACCA, which uses the term "violent felony" instead of "crime of violence," is substantially similar to the Elements Clause of Section 924(c). Compare 18 U.S.C. § 924(e)(2)(B) (defining violent felony as felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), with 18 U.S.C. § 924(c)(3)(A) (defining crime of violence as felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

11

Finally, based on the authorities and analysis set forth above, the government respectfully contends that recent decisions to the contrary issued by three judges of this District are incorrect. See Defs.' Mem. at 5–6 (citing United States v. Pica, No. 08-CR-559 (CBA), ECF No. 378 (E.D.N.Y. Mar. 17, 2020), United States v. Cheese, No. 18-CR-33 (NGG), 2020 WL 705217 (E.D.N.Y. Feb. 12, 2020), and United States v. Tucker, No. 18-CR-119 (SJ), 2020 WL 93951 (E.D.N.Y. Jan. 8, 2020)). Against the overwhelming weight of authority on this issue, those decisions concluded that attempted Hobbs Act robbery is not categorically a crime of violence because an attempted Hobbs Act robbery may committed merely by surveilling a robbery target — an act that does not per se involve the use or attempted use of physical force. The decisions are premised upon a misreading of United States v. Jackson, 560 F.2d 112 (2d Cir. 1977) — advanced by the defendants here, as well — for the proposition that merely surveilling a target would be sufficient to complete an attempted Hobbs Act robbery. See Pica, No. 08-CR-559 (CBA), ECF No. 378 at 5–6; Cheese, 2020 WL 705217, at *3; Tucker, 2020 WL 93951, at *6. But as Judge Vitaliano recently observed in United States v. Brack, Jackson does not hold that surveilling a target, without more, constitutes the substantial step required for an attempted robbery. See United States v. Brack, No. 18-CR-684 (ENV), ECF No. 122 at 4–7 (E.D.N.Y. Jan. 16, 2020). Instead, the Second Circuit described in Jackson how the defendants "had passed beyond the stage of preparation, and would have assaulted the bank had they not been dissuaded by certain external factors . . . ." Brack, No. 18-CR-684 (ENV), ECF No. 122 at 5 (quoting Jackson, 560 F.2d at 120). Thus, as Judge Vitaliano concluded, in Jackson the "relevant conduct supporting the 'attempt' conviction in its totality involved the 'attempted use, or

12

threatened use of physical force." Id. at 6. Moreover, Pica, Cheese, and Tucker are simply at odds with the Second Circuit's application of the Elements Clause to attempt crimes, such as in Thrower.

In sum, Section 924(c)'s reference to the "attempted use" of physical force clearly encompasses conduct beyond the actual use of physical force. Apart from a pure hypothetical that the Second Circuit has already rejected, the defendants offer no reason why conduct that constitutes a substantial step toward "actual or threatened force," "violence." or "fear of injury," 18 U.S.C. § 1951(b)(1), coupled with the specific intent to use "actual or threatened force," "violence." or "fear of injury," should not be properly be understood as an "attempt" to use or threaten physical force under Section 924(c).

## CONCLUSION

For the foregoing reasons, the government respectfully submits that the defendants' motion to dismiss should be denied.

Dated:     Brooklyn, New York
            April 10, 2020

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          UNITED STATES ATTORNEY
                                          Eastern District of New York
                                          Attorney for Plaintiff
                                          271 Cadman Plaza East
                                          Brooklyn, New York 11201

                               By:    /s/ Michael W. Gibaldi
                                          Michael W. Gibaldi
                                          Assistant United States Attorney
                                          (718) 254-6067